XIANG CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–1313–ag.

United States Court of Appeals,
Second Circuit.

March 21, 2007.

Frank R. Liu, New York, New York, for
Petitioner.

Catherine L. Hanaway, United States
Attorney for the Eastern District of Missouri, Suzanne J. Moore, Assistant United

States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiang Chen, a native and citizen of China, seeks review of a February 22, 2006 order of the BIA affirming the October 4, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Xiang Chen,* No. A97 661 378 (B.I.A. Feb. 22, 2006), *aff'g* No. A97 661 378 (Immig. Ct. N.Y. City Oct. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

█ In this case, we find that the IJ's adverse credibility determination is supported by substantial evidence. Chen provided conflicting answers as to whether he was of legal age to marry in China. In addition, even assuming that he was not old enough to register his marriage, the IJ reasonably found that this testimony conflicted with the Asylum Profile, and Chen failed to provide any documentation to support his assertion. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (holding that State Department reports are probative). The IJ also properly determined that Chen's testimony conflicted with the information he provided at his credible fear interview regarding when his girlfriend was forced to undergo an abortion and whether he received any formal notice from the Chinese government indicating that he had violated the family planning policy.

Given these inconsistencies, the IJ was reasonable in requiring additional corroborating evidence of Chen's claims. *See, e.g., Zhang,* 386 F.3d at 78. Chen testified that his parents were aware of the abortion, but their letter did not include this information because his parents were not educated. A reasonable fact-finder would not have been compelled to accept this assertion because it did not explain how his parents were able to write a letter in the first place. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

Since the inconsistencies and implausibilities related to material elements of his claims, and because the IJ reasonably determined that Chen failed to provide sufficient corroboration, the adverse credibility determination was a sufficient basis to deny Chen's asylum claim.

█ The IJ was also reasonable in concluding that Chen failed to establish a well-founded fear of persecution. Chen asserted that he feared returning to China because he would not be allowed to have children due to the coercive family planning policy. However, the IJ was reason-

able in rejecting this claim since Chen failed to establish that there is a "reasonable possibility" of facing persecution under the family planning policy upon his return to China. Because his testimony regarding the notice of arrest was not credible, Chen did not present any other reasons to indicate that he may face persecution upon return to China.

Since the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot. Petitioner's request for oral argument is DISMISSED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).